FARRELL v. UNEMPLOYMENT COMPENSATION
COMMISSION.

1. STATES—COURT OF CLAIMS—JURISDICTION.
    The court of claims is a court of limited jurisdiction and does not have supervisory power over the civil service commission, hence is without jurisdiction to grant relief by way of mandatory injunction against such commission (Act No. 135, Pub. Acts 1935, as amended).

2. SAME—MOTION TO DISMISS—PLEADING.

In determining propriety of order by court of claims, granting defendants' motion to dismiss plaintiff's pleading, all properly pleaded facts therein must be accepted as true.

3. SAME—UNEMPLOYMENT COMPENSATION ATTORNEY.

Notwithstanding a civil service employee may have rendered the service expected of an unemployment compensation attorney and had been certified for such position by the civil service commission, the employee would not be entitled to the compensation therefor if he was not actually assigned to a position or given employment as such attorney.

4. SAME—PLEADING—UNEMPLOYMENT COMPENSATION ATTORNEY— LIABILITY EXAMINER—COMPENSATION.

Under allegations that plaintiff was certified to the unemployment compensation commission as an attorney, that shortly thereafter the legal department was abolished and plaintiff's classification was changed to liability examiner which allocation he approved and that he received pay in full for services rendered in that position, plaintiff failed to allege facts entitling him to any unpaid compensation for services rendered in classification of unemployment compensation attorney.

5. SAME—CIVIL SERVICE—CONTRACT OF EMPLOYMENT—CLASSIFICATION—QUANTUM MERUIT.

Under civil service employment where the employee's classification is a part of his contract of employment and controls his rate of pay, recovery of unpaid compensation may not be had on the basis of *quantum meruit*.

6. SAME—COURT OF CLAIMS—JURISDICTION—CIVIL SERVICE—UNPAID COMPENSATION.

The court of claims has jurisdiction to hear and determine a claim of a civil service employee for unpaid compensation (Act No. 135, Pub. Acts 1935, as amended).

Appeal from Court of Claims; McDonald (Archie D.), J., presiding. Submitted January 15, 1947. (Docket No. 60, Calendar No. 43,373.) Decided April 17, 1947.

Claim by Mark Farrell against Unemployment Compensation Commission and another for amounts

due on salary. Claim dismissed on motion. Plaintiff appeals. Affirmed.

*Prentis, Fitch, Hayes & Andes (Roy F. Andes, of counsel), for plaintiff.*

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Meredith H. Doyle,* Assistant Attorney General, for defendants.

NORTH, J. On December 13, 1943, plaintiff, Mark Farrell, instituted in the court of claims this suit wherein, in addition to other relief, he sought to recover salary which he alleges is due and unpaid to him between January 1, 1940, and November 30, 1943. Plaintiff claims from January 1, 1940, to July 16, 1940, he received at the rate of $150 per month $975, but that he should have been paid $1,852.50; that from July 16, 1940, to December 31, 1940, he received at the rate of $200 per month $1,100, but that he should have received $1,567.50; and from January 1, 1941 to November 30, 1943, he received at the rate of $200 per month $7,000, but that he should have received $9,975. It is plaintiff's contention that the alleged underpayment for his services was due either to the failure of defendants to respect plaintiff's classification as unemployment compensation attorney II at a basic salary of $285 per month or due to his having been unlawfully demoted from that classification to the class of liability examiner II at a salary of $200 per month. The basis of plaintiff's claim is set forth in his brief as follows:

"Petitioner (plaintiff) was certified and appointed to said position (of unemployment compensation attorney II) on October 24, 1939, and began at once to perform the duties of said position and

has continued to do so  *  *  *  until the filing of this suit.  *  *  *  In July, 1940, but predated to '3/26/40', the unemployment commission 'allocated' said position of 'unemployment compensation attorney II', which petitioner was then occupying, 'to the class of liability examiner II'. Petitioner filed written protests with the then 'civil service department' of the Michigan unemployment compensation commission, and later, after January 1, 1941, with the present civil service commission, but neither of said civil service agencies ever rendered any decision in respect to said protests, and the administrative reliefs prayed for therein.''

Defendants filed a motion in the court of claims to dismiss plaintiff's suit. In support of their motion defendants asserted the following reasons:

''1.   That the court has not jurisdiction of the subject matter of the action.

''2.   That said petition fails to state a cause of action.

''3.   That the supposed cause of action did not accrue within the time limited by law for commencement of an action thereon.''·

After hearing and due consideration thereof the trial court granted defendants' motion to dismiss and entered an order or judgment dismissing plaintiff's suit.  Plaintiff has appealed. ;

As presented in the court of claims plaintiff in his suit sought relief ''from defendant's wrongful administrative acts'' by way of ''mandatory injunctive relief'' and by mandamus. ''that his (plaintiff's) said services be forthwith 'classified' by defendant civil service commission under a proper and appropriate 'classification' of 'legal' or 'attorney' effective as of January 1, 1941.'' The trial court, in granting the motion to dismiss, properly held it was without jurisdiction to grant such re-

lief. The court of claims is a court of limited jurisdiction. Reference to the statute creating that court and defining its jurisdiction, Act No. 135, Pub. Acts 1935, as amended (Comp. Laws Supp. 1940, 1945, §§ 13862–1—13862–25; Stat. Ann. 1946 Cum. Supp. §§ 27.3548 [1]—27.3548 [25]), clearly discloses that it has no supervisory power over the civil service commission. Appellant seems now to concede the above, for in his latest brief he says:

"Petitioner's claim·is for the difference in the amount paid him and the amount he should have been paid under his legal classification of unemployment compensation attorney II as a duly certified civil service employee."

In support of his claim of right to an adjudication of the issue presented by plaintiff as just above noted, he contends that in his pleading he has properly alleged facts and grounds of recovery to entitle him, if such facts and grounds are proven, to a judgment in accordance with the 8th paragraph of his prayer for relief, which reads:·

"That petitioner's claim for judgment in the sum of $4,320 (without interest) be rendered in favor of petitioner and against defendant Michigan unemployment compensation commission and the State as set forth in petitioner's attached bill of particulars."

It must be borne in mind that the case was disposed of in the trial court by granting defendants' motion to dismiss. No affidavits were filed nor was there any other affirmative showing in support of defendants' motion. Therefore, in determining whether the trial court was correct in granting the motion to dismiss, we must accept as true all properly pleaded facts in plaintiff's petition filed in the court of claims. We note the following allegations

contained in plaintiff's pleading under which he
asserts a right of recovery on the theory that from
January 1, 1940, to November 30, 1943, he was
classified and certified as unemployment compensa-
tion attorney II and as such was entitled to be
paid at the rate of $285 per month.

In paragraph 13, of plaintiff's pleading he alleges
that in 1939 he took a State-wide competitive exam-
ination for the position of unemployment compen-
sation attorney II and was one of the highest rated
individuals who took such examination. In para-
graph 14 of his pleading he sets up the following:

"Further, that on October 24, 1939, petitioner
was notified in writing that he has been 'certified'
to the unemployment commission for the position
of 'unemployment compensation attorney.' That
petitioner immediately and at once began officially
by direction to perform daily each, every and all of
the duties prescribed for such position of attorney,
and has continued ever since to do so and is cur-
rently doing so at the time of filing this petition."

But by subsequent allegations in his pleading
plaintiff very materially modifies and in effect prac-
tically negatives the above allegation. In para-
graph 15 of his pleading he sets forth that shortly
after January 1, 1940, "the commission was about
a year (and more) delinquent in the issuance of
its many legal rulings and determination then pend-
ing but accumulated in the office;" and in the next
paragraph plaintiff alleges:

"That to meet such a situation * * * it was
represented unto petitioner that the legal depart-
ment was to be abolished, and that the attorneys
therein would be assigned to the various depart-
ments of the commission as requirements dictated;
* * * that the general counsel of the commission

.would thereafter be an ass't. attorney general and act as chief counsel only, and be available in case of dispute for all final approval of the various legal questions and administrative problems involving an interpretation of law.''

In paragraph 18 of his pleading plaintiff, after setting up that following January 1, 1940 he continued to render services of the character required of an unemployment compensation attorney, alleges:

''That petitioner's salary was never adjusted from his original induction salary of $150 per month as 'field representative' until the following July 15, 1940 to that amount equal to the *then* induction salary of unemployment compensation attorney which was $200 per month.''

Paragraph 20 of plaintiff's pleading sets forth:

''Further, that on March 26, 1940, unlawfully and contrary to law and regulation, it was stated that the 'legal classification' had been abolished and had been 'unclassified;' that my classification had been changed to 'liability examiner II', (at a monthly salary of *$200*) which petitioner accepted subject to and under a written protest, upon the various representations that the 'legal department' was eliminated as above set forth. That even at this time petitioner's salary was not adjusted until the following July 15, 1940 to an amount equal to that of 'unemployment attorney II.' ''

In connection with the above allegation in paragraph 20 plaintiff refers to exhibit 5 attached to his pleading. That exhibit appears to be a notice or communication addressed by the department to plaintiff. It reads as follows:

''3/26/40

''Dear Mr. Mark Farrell:

''As a result of the recent classification study in your unit, the position you occupy has been allo-

cated to the class of *liability examiner* II (of which the monthly salary was $200).

"Please check below whichever statement you believe to be applicable with reference to the allocation of your position. Sign and return promptly to the personnel department.

"(x)    I approve the allocation of my position as listed above (subject to letter of protest).

"(x)    I protest the allocation of my position and request that the duties and responsibilities thereof be reviewed.

"Signature (signed) MARK FARRELL"

Continuing with his pleading plaintiff in paragraph 23 alleges:

"That on one .occasion so much of petitioner's time was devoted to citing and explaining various appellate court rulings, et cetera, to our referees (plaintiff obviously intended to assert that he was thereby rendering the duties of unemployment compensation attorney II) that petitioner's supervisor gave written memo instructions to him to limit and restrict such practice in order to give petitioner the necessary office time to devote to our own departments pending legal problems and the writing of opinions, legal memos, determinations, et cetera, which were required to be done in our *own liability determination unit.*"

The foregoing is a fair abstract of the allegations contained in plaintiff's pleading in so far as they are pertinent to his asserted cause of action as now presented on this appeal. Careful consideration of the pleading leads to the following conclusions: That while, as above noted, plaintiff sets forth in paragraph 14 that in October, 1939, he was notified that he had been "certified" to the unemployment commission for the position of unemployment compensation attorney, it nowhere appears in the pleading that in consequence of such certification by the

civil service commission plaintiff was ever assigned to a position or given employment as an unemployment compensation attorney. It is not sufficient that plaintiff, as he persistently asserts in his pleading, was rendering service of the character to be expected of an unemployment compensation attorney, if in fact he was not actually appointed and classified as unemployment compensation attorney. Further, it appears from plaintiff's pleading that shortly after plaintiff alleges he was so certified the "legal department" was abolished and an assistant attorney general took charge of the activities and responsibilities formerly handled by that department; and early in 1940, in writing, plaintiff approved his allocation "to the class of liability examiner II," and admits having been paid in full for services rendered by him in that position; and plaintiff makes no claim of a subsequent promotional appointment which would entitle him to compensation in excess of that which he admits having received. In view of the character and contents of his pleading we conclude that plaintiff has failed to properly allege facts and circumstances which, if taken as true, would entitle him to any unpaid compensation for services rendered in a classification of unemployment compensation attorney II.

We are mindful that plaintiff, at least by implication contends that he should recover on the basis of *quantum meruit*. Repeatedly in his pleading he asserts that he was continuously, throughout the period for which he seeks recovery, rendering the service of an unemployment compensation attorney II. Paragraph 7 of his prayer for relief reads: "That petitioner's claim alleging that a monthly basic remuneration of $285 is and was a reasonable monthly sum for his legal services so rendered since

January 1, 1940, be adjudicated by the court, or, in lieu thereof, such other reasonable sum as the wisdom of the court may deem just and proper." In a case of this type recovery may not be had on a basis of *quantum meruit.* Plaintiff's whole claim is that he was in civil service employment. Under civil service the employee's classification is a part of his contract of employment; and if, as in the instant case, his classification so specifies, his rate of pay is controlled thereby. As hereinbefore noted, plaintiff's pleading discloses that the highest classification in which he was employed, and which he approved in writing, was that of liability examiner II for which the fixed compensation was $200 per month, and that plaintiff has been paid in full for the services so rendered.

While the court of claims had jurisdiction to hear and determine a claim of the character which plaintiff attempts to assert on this appeal, nonetheless since plaintiff's pleading on its face, considered as a whole, clearly fails to state a valid cause of action, defendants' motion to dismiss, which was properly presented, was correctly granted by the trial judge. Dismissal of plaintiff's case is affirmed, with costs to appellees.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. DETHMERS, J., did not sit.