NORRIS v. LIQUOR CONTROL COMMISSION.

1. States—Court of Claims—Jurisdiction.
    The court of claims has jurisdiction to hear and decide claim against the State by former employee whose sole relief sought is for compensation for services rendered a State agency (CL 1948, § 691.108).

2. Same—Claim for Back Pay—Filing of Claim.
    Claim for back pay from State was timely filed in the court of claims, where filed approximately 8 months after plaintiff resigned from his position.

3. Appeal and Error—Discretion of Court—Order of Proof.
    The trial court did not abuse its discretion in allowing plaintiff to testify after defendant had closed its proofs, notwithstanding defendant's claim that plaintiff's testimony should have been offered after making a prima facie case, where the testimony was rebuttal.

Appeal from Court of Claims; Beers (Henry L.), J., presiding. Submitted April 6, 1955. (Docket No. 28, Calendar No. 46,377.) Decided June 6, 1955.

Claim by Charles G. Norris against the State of Michigan, the Liquor Control Commission, and the

---

References for Points in Headnotes
[2] See, generally, 43 Am Jur, Public Officers §§ 391–393.
[3] 53 Am Jur, Trial § 115 et seq.

Civil Service Commission, for back wages due upon separation from employment. Judgment for plaintiff: Defendant State and Liquor Control Commission appeal. Affirmed.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Don V. Souter,* of counsel), for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General (*Foss O. Eldred,* of counsel), for defendants.

BOYLES, J. This is an appeal by the defendant liquor control commission from a judgment entered against it in the State court of claims for $901.29 in favor of plaintiff, for back pay claimed to be owing him as an employee of said commission. The defendant commission argues for reversal mainly on the ground that the court of claims did not have jurisdiction to hear and determine plaintiff's claim.

On January 9, 1952, the defendant commission dismissed plaintiff, an employee. The dismissal was appealed to the civil service commission, which held a hearing on June 13, 1952, and rescinded the decision of its hearing board which had upheld the dismissal. The commission ordered that the dismissal from service be changed to a suspension effective from January 9 to June 28, 1952, and that the plaintiff serve a new probationary period. On October 31, 1952, the civil service commission, on rehearing, rescinded said order entered June 13th and ordered that the plaintiff be given an opportunity to resign his said position (liquor store clerk) and that the plaintiff "be given back pay from the effective date of his suspension, minus any moneys earned in other than State employment." On November 1, 1952, plaintiff tendered his resignation. Thereafter, dur-

ing the course of his frequent demands for his back pay, plaintiff was informed on December 9, 1952, by letter from the State personnel director of the civil service commission that it was intended that plaintiff be paid from the *termination* date of his suspension (June 28th) to the date of his resignation, November 1st. Obviously, this was not in accord with the order of the commission entered on October 31st, to the effect that plaintiff be given opportunity to resign, and that he be given back pay "from the effective date of his suspension." On January 27, 1953, plaintiff was paid $216.71, covering the period from June 28th to November 1st, the difference between his salary for that period and what he had received as an employee of Blodgett Memorial Hospital.

Thereupon plaintiff renewed his claim in the court of claims, for back pay from January 9 to June 28, 1952. On hearing, the circuit judge sitting in the court of claims gave plaintiff judgment for $901.29, from which the liquor control commission appeals. The amount is not in dispute.

Appellant's principal ground on which it seeks reversal is that the court of claims did not have jurisdiction to hear the claim. Section 8 of the court of claims act (CL 1948, § 691.108 [Stat Ann 1953 Cum Supp § 27.3548(8)]) provides:

"Except as provided in section 13* of this act, the jurisdiction of the court of claims as conferred upon it by this act over claims and demands against the State or any of its departments, commissions, boards, institutions, arms or agencies, shall be exclusive: * * * The court shall have power and jurisdiction:

"1. To hear and determine all claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto*, against the State and any of its departments,

---

* Not applicable here.

commissions, boards, institutions, arms or agencies. * * *

"The judgment entered by the court of claims upon any such claim, either against or in favor of the State or any department, commission, board, institution, arm or agency thereof, upon becoming final shall be *res judicata* of such claim."

There is no dispute in this case as to the legality or the propriety of plaintiff's dismissal by the defendant commission as its employee, and this question was not involved in the case in the court of claims. It was conceded that jurisdiction over that question rests solely with the civil service commission. The instant claim is solely for the amount of money, if any, owing plaintiff as compensation for services to the defendant. The court of claims had jurisdiction to hear and decide the claim. *Grix* v. *Liquor Control Commission,* 304 Mich 269; *Farrell* v. *Unemployment Compensation Commission,* 317 Mich 676.

Appellant also claims, for reversal, that the court of claims should have dismissed plaintiff's claim on the ground that under section 11a of the court of claims act* plaintiff did not file with the clerk of the court of claims a written claim or notice of intention to file a claim against the State within 1 year after his claim accrued. But the plaintiff, on July 7, 1953, filed his claim which was voluntarily dismissed, without prejudice, pending an opportunity to seek an appeal to this Court from the orders of the civil service commission. This was attempted, but we denied leave to appeal, apparently for the reason that plaintiff's claim was for back pay, and that it did not question the legality of his dismissal from service. Thereupon plaintiff renewed his claim in the court of claims. The trial court properly held

* CL 1948, § 691.111a (Stat Ann 1953 Cum Supp § 27.3548 [11–1/2]).

that the plaintiff had timely filed a written claim or notice of intention to file a claim against the defendant, within the year.

The third ground on which appellant seeks reversal is that the trial court erred in allowing the plaintiff to testify, after the defendant had closed its proofs. Appellant claims that plaintiff's testimony was not rebuttal, and should have been offered by plaintiff, after making a prima facie case. It was rebuttal and the court did not abuse its discretion in receiving the testimony. *Brandt* v. *C. F. Smith & Co.*, 242 Mich 217, 222.

Affirmed. Costs to appellee.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.