DOAN v KELLOGG COMMUNITY COLLEGE

1. STATUTES—IN PARI MATERIA—INTERPRETATION.

Statutes which are *in pari materia* should be interpreted so as to be complementary and not contradictory.

2. COLLEGES AND UNIVERSITIES—COMMUNITY COLLEGES—LEGISLATIVE INTENT—LOCAL IN NATURE.

The intent of the Legislature is that community colleges should be local in nature.

3. COURTS—COURT OF CLAIMS—COLLEGES AND UNIVERSITIES—SCHOOLS AND SCHOOL DISTRICTS—JURISDICTION.

A claim for damages because of the negligence of a community college should not be brought in the Court of Claims; jurisdiction of the Court of Claims is limited insofar as educational institutions are concerned to those universities and colleges that are created by the constitution or statute as state-wide educational institutions and not those educational institutions which provide primarily local services by boards elected locally.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted November 7, 1977, at Grand Rapids. (Docket No. 77-1198.) Decided December 9, 1977.

Complaint by Rebecca L. Doan against Kellogg Community College and James Stone, an instructor at the college, for damages for injuries sustained when she was hit by a racquet while participating in a racquet ball class. Accelerated judgment for defendant Kellogg Community College. Plaintiff appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 186–188.
[2] 15A Am Jur 2d, Colleges and Universities § 7.
[3] 15A Am Jur 2d, Colleges and Universities § 39.

*Allen, Worth & Hatch,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block),* for defendant.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and R. B. MARTIN,* JJ.

D. E. HOLBROOK, J. Plaintiff, Rebecca Doan, was a former student at Kellogg Community College which is located in Battle Creek, Michigan. She brought suit in Calhoun County Circuit Court for injuries sustained when she was hit by a racquet while participating in a racquet ball class. The class was taught by James Stone, a physical education instructor at Kellogg Community College.

Kellogg Community College filed a motion for accelerated judgment claiming that the circuit court lacked jurisdiction over the person and the subject matter of the litigation. On February 9, 1977, the circuit court granted the motion, and held that it did not have jurisdiction over the claims against Kellogg Community College. This was based on the judge's belief that jurisdiction was vested in the Court of Claims, pursuant to MCLA 600.6419; MSA 27A.6419. The motion was denied as to James Stone and that case is still pending in the circuit court. Plaintiff appeals as of right from the court's order granting Kellogg Community College's motion for accelerated judgment.

The issue raised on appeal is whether the Court of Claims has exclusive jurisdiction over claims against Kellogg Community College.

Plaintiff maintains that only those institutions of education that are state-run are "state agencies" within the meaning of the Court of Claims

---

* Circuit judge, sitting on the Court of Appeals by assignment.

act.[1] In addition, plaintiff argues that community colleges are locally created and run, and thus are not state agencies. Defendant argues that the nature of a community college is such that the state has an interest in maintaining exclusive jurisdiction over litigation in which it is involved.

The Michigan Supreme Court in *Taylor v Auditor General,* 360 Mich 146, 149–150; 103 NW2d 769 (1960), describes the jurisdiction of the Court of Claims as follows:

"The court of claims is a court of legislative creation. It came about in this way: the Constitution of 1908, in article 6, § 20, provided that the board of State auditors 'shall examine and adjust all claims against the State not otherwise provided for by general law.' In 1929, the State administrative board, which had been created in 1921, was 'vested with discretionary power and authority to hear, consider and determine claims presented to said board against the State of Michigan,* arising from or by reason of negligence, malfeasance or misfeasance of any State officer, employee, * * * and to allow same and order payment thereof.'

"The court of claims act was passed subsequently. This act conferred upon the newly-created court of claims *exclusive jurisdiction 'over claims and demands against the State or any of its departments, commissions, boards, institutions, arms or agencies.'*

" 'In short', as we held in *Manion v State Highway Commissioner,* 303 Mich 1, 20 [5 NW2d 527 (1942)]: 'a "court of claims" was substituted by the legislature for the "board of State auditors" and the "State administrative board" for the purpose of hearing and determining "all claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto* against the State." '

"The court thus created was, as we have held, a court of limited jurisdiction. *Farrell v Unemployment Compensation Commission,* 317 Mich 676 [27 NW2d 135 (1947)]. It derives its powers only from the legislative

---

[1] MCLA 600.6419; MSA 27A.6419.

act of its creation and does not possess the broad and inherent powers of a constitutional court of general jurisdiction. *Manion v State Highway Commissioner, supra.*

"What, then, is its jurisdiction, as expressed in the act of its creation? We turn to section 8 of the statute:

" 'The court shall have power and jurisdiction:

" '1. To hear and determine all claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto,* against the State and *any of its departments, commissions, boards, institutions, arms or agencies.'*

"The jurisdiction thus granted *is narrow* and *limited,* substituting, merely, a *'court' of claims* for the *superseded claims jurisdiction of the earlier boards."* (Footnotes omitted.) (Emphasis added.)

The question then becomes whether or not the narrow and limited jurisdiction of the Court of Claims includes claims against community colleges. There is no legal precedent in Michigan case law directly on point as to the Court of Claims jurisdiction over community colleges.

Certain governmental instrumentalities are within the Court of Claims jurisdiction. Among these are: the State Fair Commission, *Hirych v State Fair Commission,* 376 Mich 384; 136 NW2d 910 (1965); the State Auditor General, *Taylor v Auditor General,* 360 Mich 146; 103 NW2d 769 (1960); the State Liquor Control Commission, *Norris v Liquor Control Commission,* 342 Mich 378; 70 NW2d 761 (1955). State-supported colleges and universities are also within the jurisdiction of the Court of Claims. *Sprik v Regents of the University of Michigan,* 43 Mich App 178; 204 NW2d 62 (1972), *aff'd* 390 Mich 84; 210 NW2d 332 (1973), *Fox v Board of Regents of the University of Michigan,* 375 Mich 238; 134 NW2d 146 (1965), *Kiluma v Wayne State University,* 72 Mich App 446; 250 NW2d 81 (1976), *lv den* 399 Mich 863 (1977).

Certain governmental instrumentalities are never within the jurisdiction of the Court of Claims. These include: counties, cities, villages, townships and school districts. Their exclusion from the jurisdiction of the Court of Claims is provided by legislative enactment, MCLA 691.1401(b)(c)(d); MSA 3.996(101)(b)(c)(d).[2] In the governmental immunity act, the Legislature denominated these bodies as "political subdivisions". MCLA 691.1401(b); MSA 3.996(101)(b). The act further states that:

"Claims against the state authorized under this act shall be brought in the manner provided in sections 6401 to 6475 of Act No. 236 of the Public Acts of 1961, being sections 600.6401 to 600.6475 of the Compiled Laws of 1948, and against any *political subdivision, municipal corporation or other governmental agency by civil action in any court having jurisdiction.*" MCLA 691.1410; MSA 3.996(110). (Emphasis added.)

The Court of Claims act should be interpreted in light of the governmental immunity act. The latter statute, which was enacted three years after the former, refers to the same class of persons and shares a common objective of regulating claims against the state. Such statutes are *"in pari materia"* and should be interpreted so as to be comple-

---

[2] "(b) 'Political subdivision' means any municipal corporation, county, township, charter township, school district, port district, or metropolitan district, or any combination thereof, when acting jointly, and any district or authority formed by 1 or more political subdivisions.

"(c) 'State' means the state of Michigan and its agencies, departments, and commissions, and shall include every public university and college of the state, whether established as a constitutional corporation or otherwise.

"(d) 'Governmental agency' means the state, political subdivisions, and municipal corporations as herein defined.

\* \* \*

"Eff. July 1, 1965."

mentary and not contradictory. *Palmer v State Land Office Board,* 304 Mich 628; 8 NW2d 664 (1943). Therefore, the question of whether community colleges should be likened to a state-supported university under the Court of Claims act or to a political subdivision not within the jurisdiction of the Court of Claims can be determined by looking at the enabling statute creating community colleges.

Community colleges are governed by MCLA 389.1, *et seq.;* MSA 15.615(101), *et seq.* Under this statute, a community college district is created by a local vote, not by the constitution nor by an act of the Legislature. From the statement of findings by the trial judge, it appears that the Kellogg Community College district is the same as the intermediate school district. Therefore, the decision to create the community college district was based on a vote of the people in the intermediate school district. MCLA 389.51; MSA 15.615(151). Additionally, the board of trustees of the community college are elected locally. MCLA 389.54; MSA 15.615(154). The tax rate for financing the school is also determined by a local vote. In fact, if the proposition to establish a maximum annual tax rate fails after being submitted three times, the community college district is dissolved. MCLA 389.55; MSA 15.615(155). Furthermore, the purpose of the community college is local, *i.e.,* to provide education to persons in the community. MCLA 389.105; MSA 15.615(1105). The community college serves primarily residents in its own district and an additional fee is charged if a nonresident is enrolled. Thus, the intent of the Legislature is that community colleges should be local in nature.

Although this issue is one of first impression in

the Michigan appellate courts, our conclusions are fortified by the appellate court in New York. In *Brown v North Country Community College,* 63 Misc 2d 442; 311 NYS2d 517 (1970), the court held that a negligence action brought against a community college need not be brought in the Court of Claims. We agree.

It is the holding of this Court that the jurisdiction of the Court of Claims is limited insofar as educational institutions are concerned to those universities and colleges that are created by the constitution or statute as state-wide educational institutions and not those educational institutions which provide primarily local services by boards elected locally. Therefore, we reverse the lower court and plaintiff's suit against Kellogg Community College is reinstated.

Reversed, no costs as a public question is involved.