# STATE OF MICHIGAN

# COURT OF APPEALS

CURTIS JACKSON,

        Plaintiff-Appellee,

v

MADISON SUTHERLAND,

        Defendant,

and

ERICA HUSS,

        Defendant-Appellant.

UNPUBLISHED
February 23, 2016

No. 324600
Court of Claims
LC No. 14-000097-MP

Before: HOEKSTRA, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

In this jurisdictional dispute, defendant, Erica Huss, appeals by right the opinion and order of the Court of Claims ordering the case returned to the Ottawa Circuit Court. We conclude that the Court of Claims did not err when it determined that it did not have jurisdiction over the claims against Huss. Accordingly, we affirm.

Plaintiff, Curtis Jackson, was a prisoner at the Ionia Correctional Facility. Jackson sued defendant, Madison Sutherland, who was allegedly his ex-girlfriend, for destroying personal property after he terminated their relationship. He also alleged that Sutherland "beg[a]n to harass [him] by exposing their prior sexual relations publicly over the internet and to third parties," which included posting a nude photo of him on a website. Jackson also sued Huss, who was a Deputy Warden at the Ionia Correctional Facility. He claimed that, after discovering the nude photo of him on the internet, Huss began sexually harassing him. When he refused her advances, Huss allegedly destroyed personal property worth more than $2,000.

The Attorney General appeared on Huss' behalf and gave notice transferring the case from the Ottawa Circuit Court to the Court of Claims under the Court of Claims Act (the Claims Act), MCL 600.6401 *et seq*. See MCL 600.6404(3). Huss then moved for summary disposition under MCR 2.116(C)(4) and (7). In response, Jackson argued that the Court of Claims lacked jurisdiction to hear his claims because Huss was not acting within the scope of her authority when she sexually harassed him and destroyed his property. See MCL 600.6419(7).

The Court of Claims ordered Huss to respond to Jackson's jurisdictional challenge, and Huss did so, arguing that a reasonable belief that one is acting within his or her authority is not required by MCL 600.6419(7) if that person is a state employee or officer. Alternatively, Huss argued that jurisdiction was appropriate in the Court of Claims because she reasonably believed she was acting within her authority. Huss filed an affidavit averring that she "reasonably believe[d] [she] acted within the scope of [her] authority and duties as a deputy warden in the discharge of a government function" with respect to Jackson's claims.

The Court of Claims agreed with Jackson and returned the case to the Ottawa Circuit Court. The Court determined that, under MCL 600.6419(7), its jurisdiction is limited to suits involving a state employee who is acting or reasonably believes that he or she is acting, within the scope of his or her authority while engaged in or discharge a government function in the course of his or her duties. See MCL 600.6419(7). The Court concluded that an individual engaging in the conduct alleged in Jackson's complaint—that is, "sexual harassment and deliberate destruction of . . . property," "is not acting, and could not reasonably believe she is acting, within the scope of her authority while engaged in or discharging a government function in the course of her duties." For that reason, the Court concluded that Jackson's claims against Huss were not "against 'the state or any of its departments or officers' " within the meaning of MCL 600.6419(7). Because it did not have jurisdiction over the claims against Huss, the Court ordered the case to be returned to the Ottawa Circuit Court.

Huss then appealed in this Court.

Huss argues that the Court of Claims erred when it interpreted the statute to include a good faith requirement and erred by ignoring her affidavit. "A challenge to the jurisdiction of the Court of Claims presents a statutory question that is reviewed de novo as a question of law." *AFSCME Council 25 v State Employees Retirement Sys*, 294 Mich App 1, 6; 818 NW2d 337 (2011). Whether a court has subject-matter jurisdiction is a determined on the basis of the allegations pleaded, not on the truth or falsity of the allegations. *Trost v Buckstop Lure Co, Inc*, 249 Mich App 580, 586-588; 644 NW2d 54 (2002). "When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." *Todd v Dep't of Corrections*, 232 Mich App 623, 628; 591 NW2d 375 (1998).

"The Court of Claims is created by statute and the scope of the subject-matter jurisdiction is explicit." *Dunbar v Dep't of Mental Health*, 197 Mich App 1, 5; 495 NW2d 152 (1992). Generally, the Court of Claims has jurisdiction over claims for damages brought against the state. *Id.*; see also MCL 600.6419(1)(a). "Unless there are contradictory legislative enactments that expressly divest the Court of Claims of jurisdiction over an action against the state or a department thereof, the Court of Claims is the appropriate forum to litigate the dispute." *Dunbar*, 197 Mich App at 5. "The determination whether the Court of Claims possesses jurisdiction is governed by the actual nature of the claim, not how the parties phrase the request for relief or the characterization of the nature of the relief." *AFSCME Council 25*, 294 Mich App at 6.

Under MCL 600.6419(1)(a), the Court of Claims has jurisdiction to hear and determine "any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an

extraordinary writ against *the state or any of its departments or officers . . . .*" (Emphasis added.) The phrase, "the state or any of its departments or officers," is defined under MCL 600.6419(7). In relevant part, that definition provides that the phrase includes "an officer, employee, or volunteer of this state . . . acting, or who reasonably believes that he or she is acting, within the scope of his or her authority while engaged in or discharging a government function in the course of his or her duties." MCL 600.6419(7).

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). This Court presumes that the Legislature intended the meaning it plainly expressed, and, if the statutory language is clear and unambiguous, judicial construction is not permitted. *Walters v Bloomfield Hills Furniture*, 228 Mich App 160, 163; 577 NW2d 206 (1998). "If a statute specifically defines a term, the statutory definition is controlling." *City of Holland v Consumers Energy Co*, 308 Mich App 675, 684; 866 NW2d 871 (2015). This Court has also consistently held that the Claims Act is *in pari materia* with the Governmental Tort Liability Act, MCL 691.1401 *et seq.*, and should be interpreted accordingly. See, e.g., *Genesee Co Rd Comm v Mich State Hwy Comm*, 86 Mich App 294, 298; 272 NW2d 632 (1978); *Doan v Kellogg Community College*, 80 Mich App 316, 320-321; 263 NW2d 357 (1977).

In this case, the Court of Claims correctly concluded that it lacked jurisdiction to hear Jackson's claims based on the plain language of MCL 600.6419(7). The Court of Claims has jurisdiction over a wide variety of claims, but MCL 600.6419(1)(a) unambiguously provides that its jurisdiction is limited to those claims "against the state or any of its departments or officers . . . ." "[T]he state or any of its departments or officers" means: (1) "this state or any state governing, legislative, or judicial body, department, commission, board, institution, arm, or agency of the state" *or* (2) "any officer, employee, or volunteer . . . ." MCL 600.6419(7). Where the second definition is at issue, there is an additional requirement—the "officer, employee, or volunteer" must be "acting, or reasonably believe[] he or she is acting, within the scope of his or her authority while engaged in or discharging a government function in the course of his or her duties." *Id*. Thus, Huss must be both a state officer and must have acted, or reasonably believed she was acting, within the scope of her authority while engaged in or discharging a government function. As the Court of Claims aptly noted, an individual engaging in the conduct alleged in the complaint at issue—sexual harassment and deliberate destruction of property—is necessarily "not acting, and could not reasonably believe she is acting, within the scope of her authority while engaged in or discharging a government function in the course of her duties."

The Court of Claims did not err when it determined that it did not have jurisdiction over the claims against Huss.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Patrick M. Meter
/s/ Michael J. Kelly