LEENKNEGT v. McCORMICK INDUSTRIES.

1. CERTIORARI—QUESTIONS REVIEWABLE—EVIDENCE.

   Certiorari permits review by an appellate court of questions of law, not questions of fact, an examination of the evidence being made to determine whether it is such as to justify the finding made by the tribunal reviewed from the facts proved but not to determine whether the probabilities preponderate one way or the other.

2. APPEAL AND ERROR—SUPREME COURT—LIMITATIONS OF SCOPE OF APPEAL.

   The Supreme Court may limit its scope of appeal on matters brought before it by certiorari (Const 1908, art 7, § 4; CL 1948, § 601.9).

3. WORKMEN'S COMPENSATION—EMPLOYER SUBJECT TO ACT—INSURANCE.

   Defendant employer and defendant insurer *held*, subject to award of workmen's compensation, where supplemental record shows the employer had in its employ 4 or more persons at time plaintiff was injured and was, therefore, subject to the workmen's compensation act and that defendant insurer was then carrying the risk (CL 1948, § 211.2a, as amended by PA 1949, No 238).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur, Certiorari § 3.
[3] 58 Am Jur, Workmen's Compensation § 87.

Appeal from Workmen's Compensation Appeal Board. Submitted June 4, 1957. (Docket No. 13, Calendar No. 46,997.) Decided September 4, 1957.

Bertha Ida Leenknegt presented her claim against McCormick Industries, employer, and Travellers Insurance Company, insurer, for compensation. Award to plaintiff. Defendants appeal. Affirmed.

*Berger, Manason & Kayes (Dan A. Manason,* of counsel), for plaintiff.

*Lacey, Jones & Doelle (Buell Doelle* and *E. R. Whinham,* of counsel), for defendants.

SHARPE, J. Plaintiff, Bertha Ida Leenknegt, an employee of defendant, McCormick Industries, claims to have suffered an injury which is alleged to have occurred "on or about June, 1951." She was granted compensation by the workmen's compensation appeal board on June 12, 1956. The appeal board made the following finding of facts:

"Records submitted by defendant show plaintiff was off work from September 6, 1950 to November 6, 1950. While the exact date of injury may not be of material importance since the compensation rate was the same in 1950 and 1951, we believe and find that plaintiff's injury occurred on or about September 2, 1950 in the manner in which she testifies it occurred. We find further that she was disabled as the result of the injury received from September 2, 1950 to November 6, 1950."

On July 10, 1956, defendants filed an application for leave to appeal for the following reasons:

"1. There is no competent, legal evidence to support a finding of fact that plaintiff and appellee suffered a personal injury on September 2, 1950.

"2. There is no competent, legal evidence to support a finding of fact that plaintiff and appellee gave timely notice to her employer within 3 months of her alleged personal injury on September 2, 1950.

"3. The workmen's compensation appeal board erred in making findings of fact based upon no evidence."

On October 3, 1956, we granted defendants' application for leave to appeal but limited the scope of appeal to the following:

"It is ordered that the appeal be limited to appellants' contention that there is no showing in the record that defendant McCormick was subject to the workmen's compensation act and that defendant Travelers Insurance Co. was on the risk at the date in question."

Defendants urge that the Supreme Court is without authority to limit review of questions of its own choosing when granting an application for leave to appeal in the nature of certiorari.

In *Jackson* v. *People,* 9 Mich 111, 120 (77 Am Dec 491), we said:

"The office of a certiorari is not however to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other, but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal."

See, also, *People* v. *Martin,* 256 Mich 33; and *Attorney General* v. *Nelson,* 263 Mich 686.

We are not in accord with defendants' theory that the Supreme Court cannot limit its scope of appeal. The Michigan Constitution provides:

"The Supreme Court shall have a general superintending control over all inferior courts; and shall have power to issue writs of error, habeas corpus, mandamus, quo warranto, procedendo and other original and remedial writs, and to hear and determine the same. In all other cases it shall have appellate jurisdiction only." Constitution (1908), art 7, § 4.

The legislature has implemented the constitutional provision as applied to writs of error as follows:

"Sec. 9. The Supreme Court shall have a general superintending control over all inferior courts, to prevent and correct errors and abuses therein, where no other remedy is expressly provided by law, and shall have also jurisdiction of suits, actions and matters brought before it by writ of certiorari or writ of error, when the same shall be allowed by law to any inferior court, to magistrates and other officers, as well in cases of prosecution for any offense, misdemeanor or penalty, in the name of the people of this State, as in other cases." PA 1915, No 314, chap 1, § 9 (The judicature act of 1915 [CL 1948, § 601.9 (Stat Ann § 27.29)]).

Under the above the Supreme Court has jurisdiction of suits, actions and matters brought before it by certiorari and may limit the scope of appeal. Subsequent to the appeal in this case we entered an order permitting plaintiff to file a supplemental record. This supplemental record shows that defendant Travelers Insurance Company issued a workmen's compensation insurance policy to John F. McCormick, doing business as McCormick Industries, on January 11, 1947, and did not terminate the policy until February 10, 1952. It follows that McCormick Industries was subject to the workmen's compensation act on September 2, 1950, and the Travelers Insurance Company carried the risk on that date.

The record also shows that at the time of the accident in question McCormick Industries had in its employ 4 or more persons, which number is a sufficient number to qualify for compensation insurance.*

The award is affirmed, with costs.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.

---

* See CL 1948, § 411.2a, as amended by PA 1949, No 238 (Stat Ann 1949 Cum Supp § 17.142[1]).—REPORTER.