TROJAN *v.* TOWNSHIP OF TAYLOR.

1. CERTIORARI—PURPOSE OF WRIT.

The office of a writ of certiorari is to review questions of law, not questions of fact.

2. SAME—APPELLATE COURT'S EXAMINATION OF EVIDENCE.

An appellate court on certiorari examines into the evidence, not to determine whether the probabilities preponderate one way or the other, but simply to determine whether the evidence is such as will justify the finding made as a legitimate inference from the facts proved, whether that inference would, or would not, have been drawn by the appellate tribunal.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 10 Am Jur, Certiorari § 3.
[3, 4] 34 Am Jur, Mandamus § 80.

3. MANDAMUS—PERMIT FOR TRAILER PARK SERVICE BUILDINGS—AD-
MINISTRATIVE REMEDY.

Finding of trial court in mandamus proceeding to compel issu-
ance by township authorities of building permit for trailer
park service buildings that plaintiff's omission to exhaust ad-
ministrative appeal remedy did not preclude his application
for court relief by way of mandamus because an appeal to the
township zoning appeal board would have been a vain and
useless thing *held,* justified under record presented.

4. SAME—BUILDING PERMIT—TOWNSHIP ZONING APPEAL BOARD—
JURISDICTION OF CIRCUIT COURT.

Refusal to dismiss application for mandamus to compel issuance
of building permit for trailer park service buildings was proper,
not only because an appeal to the township zoning appeal
board would have been a vain and useless thing, under record
presented, but also where the circuit court had retained juris-
diction on the question of building permit when it had previ-
ously ordered the granting of a certificate of compliance for
the construction of a trailer park.

5. SAME—BURDEN OF PROOF—ORDINANCES.

Claim that applicant for mandamus to compel issuance of permit
for construction of trailer park service buildings had not sus-
tained burden of showing he was entitled to relief nor indicated
ordinances involved *held,* untenable, where record shows de-
fendants questioned witnesses with respect to ordinances and
that the trial court was well aware of the provisions of the
ordinances.

Appeal from Wayne; Baum (Victor J.), J.  Sub-
mitted April 15, 1958.  (Docket No. 75, Calendar No.
47,446.)  Decided June 12, 1958.

Mandamus by John Trojan against the Township
of Taylor, a municipal corporation, Alexander
Papp, supervisor, and Ray Koths, building inspec-
tor, to compel issuance of building permit for trailer
park service buildings.  Order directing writ to is-
sue.  Defendants appeal.  Affirmed.

*John J. Fish,* for plaintiff.

*William D. Ford,* Taylor Township Attorney
(*Richard G. Eubank,* of counsel), for defendants.

Kelly, J.   Defendants appeal from an order of the Wayne circuit court granting a writ of mandamus compelling defendant township to issue a building permit for the construction of 2 trailer park service buildings.

The parties to this mandamus proceeding were parties to a mandamus proceeding in the spring of 1956.   Under date of March 15, 1956, the Hon. George Edwards, now a Justice of this Court and at that time a Wayne county circuit judge, issued a writ of mandamus requiring defendants to forthwith issue a certificate of compliance to plaintiff permitting the construction of a trailer park.   The order also provided that:

"It is further ordered that the entry of an order for the issuance of a building permit for the erection and construction of the service buildings, in accordance with said plans, be and is hereby reserved until the further order of the court."

The main question presented in this appeal is whether applicant (plaintiff) could seek a writ of mandamus from the Wayne county circuit court without having first appealed to the township zoning board of appeals.

The Hon. Victor J. Baum, circuit judge of Wayne county, who heard the mandamus action, answered this question in his opinion as follows:

"There is a second general defense set forth by the defendant in this case, and that is that the plaintiff failed to appeal the decision of the township building inspector to the board of appeals on zoning.

"There is a general rule that persons seeking authority from a governmental unit must exhaust their remedies within such governmental unit before seeking relief in court.   To this rule requiring the plaintiff to exhaust his administrative remedies, there are a number of exceptions, one clear exception is

that the law will not require a citizen to undertake a vain and useless act. The law does not require useless expenditures of effort. Where it is clear that resort to the administrative body is but a formal step on the way to the courthouse, the law will not require such a step to be taken.

"In this case the facts clearly disclosed an attitude on the part of the board of zoning appeals to exclude trailer camps from the township.

"The court finds that such an attitude existed before and after the decision made earlier in a companion case by the then Circuit Judge George Edwards.     *     *     *

"The court finds an intention on the part of the board of zoning appeals to exclude from the township all trailer camps, unless such camps comply with a newly enacted zoning ordinance, No 38.

"The court finds as an inference from the evidence presented, that the zoning board is willing to sanction trailer camps which come within the exception, namely, those which comply with the ordinance above cited, upon the belief that this ordinance would, in fact, prohibit trailer camps entirely. With this attitude on the part of the board of appeals on zoning, being so clearly manifest, it would have been a vain and useless act for the plaintiff to have sought redress before that board. This being the case, his (plaintiff's) failure to seek relief from the board of zoning appeals is excused."

Michael Hungo was building inspector for 8 years for defendant township, and was building inspector when plaintiff filed his application for the building permit. Hungo had resigned previous to the hearing in question before Judge Baum. He testified:

"*Q.* (*By Mr. Fish*): Did you ever tell Mr. Trojan that he would be wasting his time if he went before the board of zoning appeals?

"*A.* I told Mr. Trojan I definitely know he would be denied, that the zoning board of appeals would not render a decision on it, above my decision.

"*Q.* They would not override you?

"*A.* That is right.  *  *  *

"*Q.* Was there anything in the advice that you gave him, then, in truth, that indicated that no matter how well he prepared his plans, and no matter what he did, that they were so prejudiced against him that he, individually, Mr. Trojan, would never get a permit?

"*A.* I am definitely of the opinion that regardless of what type of plans Mr. Trojan would have brought in, we would have denied it."

Inspector Hungo corroborated plaintiff's statement that when he made his application for a permit to operate a trailer camp, the chairman of the township zoning board of appeals informed him (plaintiff) in no uncertain terms that they did not want him, or anyone else, to operate a trailer park or camp in the township; that he further stated that any subsequent appeal that would be taken from his decision to refuse the present building permit would be brought before a 3-man board with the same chairman presiding.

This is an appeal in the nature of certiorari. The court found as a matter of fact that an appeal to the zoning board of appeals would have been a "vain and useless act." Was there competent evidence to sustain the court's finding of fact?

In *Leenknegt* v. *McCormick Industries,* 349 Mich 430, 432, this Court cited *Jackson* v. *People,* 9 Mich 111, 120 (77 Am Dec 491), as follows:

"The office of a certiorari is not, however, to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other, but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would, or

would not have been drawn by the appellate tribunal."

The evidence was such that it would justify the findings of the court as a legitimate inference from the facts proved.  The court did not err in refusing to dismiss plaintiff's application because he had not appealed to the board, and especially is this true because the Wayne county circuit court retained jurisdiction of the question of building permits at the time it ordered the granting of the certificate of compliance for the construction of a trailer park on March 15, 1956.

Defendants and appellants state that because Taylor township had recently enacted ordinances numbered 37 and 38, and because neither side had introduced these ordinances into evidence although their existence was acknowledged and the zoning map attached to the ordinances was introduced by plaintiff, defendants are entitled to reversal because "We do not believe that a petitioner can say that a building inspector acted improperly if he does not show what ordinance is involved.  We believe that the burden is upon a plaintiff in mandamus to show that he is entitled to relief.  He cannot, by innuendo and indirection, merely attempt to raise a suspicion."

We do not agree with defendants because (1) the record discloses that defendants questioned witnesses in regard to these ordinances and counsel stated he would later introduce the ordinances in evidence, and (2) the opinion discloses that the court was aware of the provisions of said ordinances.

The order of the lower court is affirmed, with costs to plaintiff appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.

EDWARDS, J., did not sit.