GREEN v. LUNDQUIST AGENCY, INC.

1. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT.
   Court rule provision that judgment be rendered forthwith if
   pleadings show a party entitled to judgment as a matter of law
   or if affidavits or other proof show there is no genuine issue
   of fact does not permit the balancing of defendants' sworn
   allegations of fact against unsworn allegations of plaintiff's
   complaint (GCR 1963, 117.2[3], 117.3).

2. SAME—SUMMARY JUDGMENT—AFFIDAVITS—OTHER MATTERS.
   The trial judge to whom a defendant's motion for summary
   judgment is addressed is not limited to a consideration of the
   affidavits supporting and opposing the motion, but may also
   consider pleadings, depositions, admissions, and documentary
   evidence then filed (GCR 1963, 117).

3. MASTER AND SERVANT—INTERFERENCE WITH RELATION—SUMMARY
   JUDGMENT—ISSUE OF FACT.
   Summary judgment for defendant insurance agency and its
   officer who wrote letter to plaintiff truck driver's employer
   complaining about plaintiff's carelessness and suggesting can-
   cellation of the employer's insurance held, proper, in action for
   interference with employment relation, where defendants' un-
   controverted affidavits disclosed an adequate basis for plain-
   tiff's discharge and explicitly negate any factual basis for a
   claim of an unlawful interference by the defendants (GCR
   1963, 117).

Appeal from Wayne; Rashid (Joseph G.), J.
Submitted Division 1 January 6, 1966, at Detroit.
(Docket No. 999.)   Decided March 9, 1966.

Complaint by Phillip Green against Lundquist
Agency, Inc., a Michigan corporation, and L. H.
Lundquist for damages arising from plaintiff's dis-

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 41 Am Jur, Pleading § 340 et seq.

charge upon his employer's receipt of a letter written by defendants. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Norman P. Silverstein,* for plaintiff.

*Alexander, Buchanan & Conklin (Floyd Westcott,* of counsel), for defendants.

J. H. Gillis, J.   Plaintiff had been employed for some 12 years by the Dinverno Sons Trucking Company as a truck driver and during said employment period had been convicted of many traffic violations and had been involved in several traffic accidents.

On April 23, 1963 defendants sent the following letter to plaintiff's employer:

"April 23, 1963

"Dinverno Sons Trucking
24830 Ryan Road
Warren, Michigan
"Att: Guido Dinverno
*"Dear Guido:*

"The purpose of a safety engineering program is, of course, accident prevention, which, in turn creates insurability and sound premium structure.

"Over the years, insurance companies have found that persons who develop poor driving records with tickets and accidents continue to be lax in their driving habits.

"I have forwarded Philip Green's record to you for your attention.   We cannot continue your program if we have to guarantee financial security for carelessness of this nature.

"Please reply by May 3d, so I can relay your action to our safety director.

"Yours truly,
Lundquist Agency, Inc.
L. H. Lundquist
Executive Vice-President

"LHL/cl"

Shortly after the defendants' letter was received by plaintiff's employer, the plaintiff was discharged. Plaintiff then commenced suit in the Wayne county circuit court contending that the sending of the letter by the defendants was an unlawful interference with his employment contract because it threatened to cancel the employer's insurance coverage. In their answer defendants admitted sending the letter, but denied that it "was calculated to do other than help correct the plaintiff's bad driving habits," and further denied that their conduct caused the discharge of the plaintiff. Subsequently defendants filed a motion for summary judgment which was supported by affidavits of the individual defendant and of the plaintiff's employer. The affidavits alleged that the loss ratio, or number of at-fault accidents, was an important factor considered by the insurance company in determining whether or not the company would continue to insure the given risk, which in this instance was the Dinverno Sons Trucking Company; that plaintiff was involved in numerous at-fault accidents; and that there was no wilful or wanton maliciousness on the part of the defendants in sending the letter in question to the trucking company, but that they were merely following the usual and customary procedure utilized by insurance companies.

The affidavit of Mr. Dinverno stated that plaintiff:

"On many different occasions, was involved in accidents with company trucks, due to his negligent and careless handling in operation of the trucks, and at one time, suffered a black-out while driving one of the company trucks."

The affidavit continued:

"That the dismissal of Philip Green was without any willful and wanton maliciousness on the part of Dinverno & Sons Trucking Company, but merely to

protect not only the good will of Dinverno & Sons Trucking Company and customer relationships, but also the contractual relationship with Lundquist Agency, Inc., and L. H. Lundquist."

The only affidavit filed on behalf of the plaintiff in opposition to the motion for summary judgment was that of his attorney. This affidavit did not controvert any of the factual allegations of the defendants' affidavits, but merely averred that defendants' affidavits "merely sets [*sic*] forth facts or evidence in opposition to or in defense against plaintiff's claim and, as such, raise issues of fact for consideration by the trier of the facts."*

Consistent with the position he took in the lower court, plaintiff states as one of the questions involved on appeal:

"Do the *pleadings* raise a genuine factual issue?" (Emphasis supplied.)

Plaintiff wants us to balance the defendants' sworn allegations of fact against the unsworn allegations of the plaintiff's complaint and thus determine whether there is a factual issue to be tried. We do not read the applicable court rules as sanctioning such a procedure. GCR 1963, 117.3 provides in part that:

"Judgment shall be rendered forthwith if the pleadings show that any party is entitled to judgment as a matter of law *or if the affidavits or other proof* show that there is no genuine issue of fact." (Emphasis supplied.)

If we were to give Rule 117 the narrow construction contended for by the plaintiff, summary judgments for a defendant would be allowed only when the plaintiff's complaint considered by itself failed

---

* Plaintiff's affidavit likewise complained of the alleged conclusionary nature of the defendants' affidavits. We deem this contention is without merit.

to state a cause of action. Such a construction would strip Rule 117.2(3) of any meaning.

We do not mean to imply that the trial judge should dispose of a motion for summary judgment by referring only to the affidavits in support of and in opposition to the motion. The rule specifically directs that the affidavit shall be considered "together with the pleadings, depositions, admissions and documentary evidence then filed." But what the court shall consider are the affidavits, the pleadings and other matters referred to in the rule being merely the background in which the affidavits must be considered. If, as here, the affidavits in support of the motion for summary judgment stand on the record uncontroverted by any opposing affidavits, depositions, or exhibits, then the allegations in the opponent's unsworn pleadings should not deprive the party of his right to summary judgment.

We also note that at no time prior to judgment or later in his motion for rehearing did plaintiff ever suggest that he be allowed to take depositions under GCR 1963, 117.3.

Since the uncontroverted affidavits of the defendants disclose an adequate basis for the plaintiff's discharge and the affidavits likewise explicitly negate any factual basis for a claim of an unlawful interference by the defendants, we affirm the judgment of the lower court, with costs to appellees.

LESINSKI, C. J., and QUINN, J., concurred.