TROMBETTA v DETROIT, TOLEDO & IRONTON RAILROAD
COMPANY

1. ADMINISTRATIVE LAW—EXCLUSIVITY RULE—EMPLOYERS AND EM-
   PLOYEES—RAILWAY LABOR ACT—ADMINISTRATIVE REMEDIES—JU-
   DICIAL REMEDIES—COLLECTIVE BARGAINING AGREEMENTS—
   UNITED STATES CODE.

   The exclusivity rule expounded by the United States Supreme
   Court which provides that employees under the Railway Labor
   Act are bound to pursue administrative remedies under the act
   to the exclusion of judicial avenues of relief does not apply
   where an employee is asserting rights outside of a collective
   bargaining agreement (45 USC 151 *et seq.*).

2. CONTRACTS—EMPLOYMENT CONTRACTS—INDEFINITE PERIODS—EX-
   CEPTIONS—PUBLIC POLICY.

   Contracts of employment for indefinite periods of time are termi-
   nable at the will of either party; an exception is made to this
   general rule if the act of an employer in discharging an
   employee violates the public policy of this state.

3. JUDGMENT—SUMMARY JUDGMENT—APPEAL AND ERROR—EMPLOY-
   ERS AND EMPLOYEES—WRONGFUL DISCHARGE—VIOLATIONS OF
   LAW—PUBLIC POLICY—STATUTES—COURT RULES.

   A trial court erroneously granted defendants' motion for sum-
   mary judgment based on the ground that the plaintiff had
   failed to state a claim upon which relief could be granted
   where the plaintiff had stated a claim upon which relief could
   be granted when he claimed that defendants discharged him
   from their employ because he refused to manipulate and adjust
   pollution control reports to be filed with the state pursuant to
   statute since such manipulation would clearly violate the law
   of this state whose public policy does not condone such at-

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur 2d, Labor and Labor Relations §§ 425, 1157, 1158, 1295,
   1338.
[2] 48 Am Jur 2d, Labor and Labor Relations § 1140.
[3, 4] 73 Am Jur 2d, Summary Judgment §§ 23–25.
[5] 73 Am Jur 2d, Summary Judgment §§ 2, 16, 20, 22, 23.

tempts to violate duly enacted laws (MCLA 323.1 *et seq.;* MSA 3.521 *et seq.,* GCR 1963, 117.2[1]).

4. Judgment—Summary Judgment—Appeal and Error—Issues of Material Fact—Court Rules.

A trial court did not err in granting defendants' motion for summary judgment where the judge found, after considering the entire record and viewing the plaintiff's case in its most favorable light, that the parties had failed to present a genuine issue of material fact (GCR 1963, 117.3).

5. Judgment—Summary Judgment—Affidavits—Counter-Affidavits—Court Rules.

It is not mandatory that a plaintiff file counter-affidavits in opposition to a defendant's motion for summary judgment claiming that the plaintiff has failed to present a genuine issue of material fact; however, if affidavits submitted by defendant in support of the motion for summary judgment stand on the record uncontroverted by any opposing affidavits, depositions, or exhibits, then the allegations in the plaintiff's unsworn pleadings should not deprive the defendant of his right to summary judgment (GCR 1963, 117.3).

Appeal from Wayne, John R. Kirwan, J. Submitted December 6, 1977, at Detroit. (Docket No. 77-1335.) Decided February 23, 1978. Leave to appeal applied for.

Complaint by Frank Trombetta against the Detroit, Toledo & Ironton Railroad Company and C. P. Turner seeking damages for wrongful discharge from employment. Summary judgment for defendants. Plaintiff moved the trial court for a rehearing. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*Peter R. Barbara & Associates, P. C.* (by *Phil Bozzo),* for plaintiff.

*Bodman, Longley, Bogle & Dahling* (by *Joseph A. Sullivan* and *James J. Walsh),* for Detroit, Toledo & Ironton Railroad Company.

*John J. Morad,* for defendant C. P. Turner.

Before: M. F. CAVANAGH, P. J., and J. H. GILLIS and D. C. RILEY, JJ.

J. H. GILLIS, J. Plaintiff commenced this action on April 13, 1976, against defendants, Detroit, Toledo & Ironton Railroad Co. and C. P. Turner,[1] alleging that defendants had wrongfully discharged him from their employ. Plaintiff did not assert rights arising under any written contract but maintained that his discharge violated the public policy of this state in that he was terminated after refusing to alter pollution control reports. These reports were filed with the state[2] to insure that defendant company was in conformity with the state pollution control standards.

On August 20, 1976, defendants filed a motion for summary judgment alleging that plaintiff had (1) failed to state a claim upon which relief could be granted under GCR 1963, 117.2(1), and (2) failed to present a genuine issue of material fact for litigation under GCR 1963, 117.2(3).

Affidavits were attached to the motion stating that plaintiff lost his position due to insubordination, and in reality had only been demoted. Plaintiff responded to defendants' motion with a brief in support of his position but failed to attach any affidavits, depositions or documentary evidence to contradict the exculpatory statements contained in the affidavits attached to defendants' motion.

The trial court granted defendants' motion for summary judgment on both grounds after a hearing on October 4, 1976.

Approximately one month later, plaintiff moved the trial court for a rehearing in light of a recent

[1] Defendant, C. P. Turner, was an employee of defendant, Detroit, Toledo & Ironton Railroad Co., and has adopted the company's brief on appeal.

[2] MCLA 323.6a; MSA 3.526(1).

decision handed down by this Court, *Sventko v The Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976).

Plaintiff maintained that the *Sventko* case, *supra,* recognized a cause of action for the wrongful discharge of an individual employed under a terminable at will employment contract. Plaintiff also contended that the trial court erred in granting defendants' motion for summary judgment on the grounds that plaintiff had failed to file counter-affidavits.

Defendants filed a brief in opposition to plaintiff's motion and also submitted a motion for accelerated judgment under GCR 1963, 116.1(2) on the basis that plaintiff had failed to exhaust his administrative remedies under the Railway Labor Act, 45 USC 151 *et seq.,* and therefore the trial court lacked jurisdiction to entertain the suit.

The trial court reaffirmed its earlier findings that the summary judgment was properly granted but held defendants' motion for accelerated judgment in abeyance until both parties filed briefs in respect to this issue.

After briefs were filed, the trial court granted defendants' motion for accelerated judgment stating that plaintiff, as an employee of Detroit, Toledo & Ironton Railroad Co., was bound to pursue his exclusive administrative remedies under the Railway Labor Act rather than seeking judicial relief.

Plaintiff appeals as of right from both the accelerated and summary judgments.

Defendants' motion to limit issues on appeal was denied by this Court.

Plaintiff first contends that the trial court erred in granting defendants' motion for accelerated judgment.

The trial court concluded:

"Preliminarily it can be said that if it is demonstrated that plaintiff is an employee covered by the act involved in a dispute within the ambit of the act he is constrained to first pursue and exhaust the administrative remedies prescribed by the statute, former *stare decisis* to the contrary notwithstanding, *Moore v Illinois Central R Co,* 312 US 630; 61 S Ct 754; 85 L Ed 1089 (1941), for *Moore* and its progeny were expressly overruled, *Andrews v Louisville & Nashville R Co,* 406 US 320, 326; 92 S Ct 1562; 32 L Ed 2d 95 (1972). The *Andrews* Court held that provision for arbitration of a discharge grievance is not a matter of voluntary agreement under the Railway Labor Act, and that the provisions of the act are not merely optional, to be availed of as the employee chooses, but rather are compulsory, and failing to adhere to the dictates of the act precludes the claimant from seeking relief in a judicial forum."

The trial court ruled that the *Andrews* case, *supra,* stood for the proposition that every employee under the Railway Labor Act[3] was bound to pursue his administrative remedies under the act to the exclusion of his judicial avenues of relief. Plaintiff disagreed and argued that the exclusivity rule of *Andrews, supra,* did not apply to all employees, but only to those who had rights under a collective bargaining agreement.

The language of *Andrews* supports plaintiff's contention. The numerous cases cited by defendants also support plaintiff's interpretation of *Andrews.* A review of these cases[4] reveals that in

---

[3] 45 USC § 151 *et seq.*

[4] *Belanger v New York Central R Co,* 274 F Supp 500 (ED Mich, 1966), *affirmed,* 384 F2d 35 (CA 6, 1967), *Ciaccio v Eastern Airlines, Inc,* 354 F Supp 1272 (ED NY, 1973), *Dominguez v National Airlines, Inc,* 279 F Supp 392 (SD NY, 1968), *Smith v Atlantic Coastline R Co,* 421 F2d 1400 (CA 5, 1970), *Magnuson v Burlington Northern, Inc,* 413 F Supp 870 (D Mont, 1976), *Dorsey v Chesapeake & O R Co,* 476 F2d 243 (CA 4, 1973).

each of them an employee was asserting rights under a collective bargaining agreement when he was denied judicial relief for failure to pursue his administrative remedies under the Railway Labor Act.

Where an employee is asserting rights outside of a collective bargaining agreement, the *Andrews* exclusivity rule does not apply.

"The parties appear to agree that this claim [discharge wrongful because based on plaintiff's union activity] which rests upon a charge that Delta violated the statute, 45 USC § 152, is not committed to the exclusive jurisdiction of the adjustment board, but is within the jurisdiction of the district court [Federal question jurisdiction]. See *Brotherhood of Railway Trainmen v Howard,* 343 US 768; 72 S Ct 1022; 96 L Ed 1283 (1952); *Brotherhood of Railway Trainmen v Smith,* 251 F2d 282 (CA 6, 1958). We do not understand that *Andrews* * * * holds otherwise. It is clear that the dispute in *Andrews* stemmed 'from differing interpretations of the collective bargaining agreement,' whereas the claim here involved is that the Act was violated." *Conrad v Delta Airlines, Inc,* 494 F2d 914, 918 (CA 7, 1974).

Applying a proper interpretation of *Andrews* to the instant matter reveals that the trial court erred in finding that, as a matter of law, any employee covered by the Railway Labor Act is bound to pursue his exclusive administrative remedies under the act. Plaintiff must be a union employee asserting collective bargaining rights in order to be bound by the *Andrews* exclusivity rule.

These facts were not resolved by the trial court due to its improper interpretation of *Andrews, supra.* There is some evidence on the record that plaintiff is not a union member, and that he does not possess collective bargaining contract rights.

Accordingly, we conclude that the trial court erred in granting defendants' motion for accelerated judgment under GCR 1963, 116.1(2).

Plaintiff next contends that the trial court erred in granting defendants' motion for summary judgment by concluding that plaintiff (1) had failed to state a claim upon which relief could be granted, and (2) had failed to present a genuine issue of material fact for litigation.

The trial court concluded that:

"The general rule of law is that contracts of employment for indefinite periods of time are terminable at the will of either party. It is true that the appellate courts of Michigan have carved out certain exceptions to this general rule, if the act of the employer in discharging an employee violates the public policy of the State of Michigan. In those appellate decisions, however, the courts have spelled out the type of conduct that is violative of public policy. The appellate courts, however, have not as yet specified that the alleged actions of the defendants as set forth in plaintiff's complaint violate the public policy of this State, thereby constituting an exception to the aforementioned general rule. And, if the actions of the defendants are to be construed as violative of public policy, then it should be left to the appellate courts or the legislature to fashion such a rule of law."

This Court has recognized exceptions to the well established rule that at will employment contracts are terminable at any time for any reason by either party.[5] These exceptions were created to prevent individuals from contravening the public policy of this state.

It is without question that the public policy of this state does not condone attempts to violate its duly enacted laws.

---

[5] *Sventko v The Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976).

Plaintiff claims that defendants discharged him from their employ when he refused to manipulate and adjust sampling results used for pollution control reports which were filed with the state pursuant to MCLA 323.1 *et seq.;* MSA 3.521 *et seq.* Such action would clearly violate the law of this state. MCLA 323.10; MSA 3.529(1).

Hence, we find that plaintiff has stated a claim upon which relief can be granted, and therefore the trial court erroneously granted defendants' motion for summary judgment on the basis of this ground.

We must now determine whether or not plaintiff presented a genuine issue of material fact for litigation.

The trial court granted defendants' motion for summary judgment, finding that the parties had failed to present a genuine issue of material fact under GCR 1963, 117.2(3).

"First, the facts contained in the affidavits of both defendants in support of their Motions for Summary Judgment stand unanswered. Plaintiff's assertion that the court rules do not require that counter-affidavits be filed in response to a Motion for Summary Judgment is correct. It is equally true, however, that if the affidavits of defendants show that there exists no genuine issue of fact and that the factual assertions contained in these affidavits are not contravened in some counter-affidavit, deposition, admission, or pleading *under oath,* then the defendants should prevail in their motions. In this proceeding there exists no deposition, affidavit, admission, or pleading under oath that contravenes the facts contained in defendants' affidavit, and therefore, the factual assertions contained in said affidavit are accepted as true. Clearly, one of the purposes of the rule requiring an affidavit in support of a Motion for Summary Judgment is to challenge the opposing party to respond under oath to those facts contained in that

affidavit. In this instance, the challenge has not been met." (Emphasis in original.)

GCR 1963, 117.3 establishes the proper procedures to be used where the parties contest a motion for summary judgment under GCR 1963, 117.2(3):

"A motion based upon sub-rule 117.2(3) shall be supported by affidavits, and the opposing party prior to the day of hearing may serve opposing affidavits. The affidavits submitted by either party shall be governed by the provisions of sub-rules 116.4, 116.5 and 116.6. Such affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties shall be considered by the court at the hearing. Each party shall be given opportunity to amend his pleadings as provided by Rule 118 unless the evidence then before the court shows amendment would not be justified. Judgment shall be rendered forthwith if the pleadings show that any party is entitled to judgment as a matter of law or if the affidavits or other proof show that there is no genuine issue of fact. If it appears that the opposing party rather than the moving party is entitled to judgment, the court may render summary judgment in his favor without necessity of a motion therefor."

Plaintiff maintains that this language allows him, in the face of the defendants' motion for summary judgment and supporting affidavits, to rest upon the allegations made in his pleadings in contesting that motion. To support his argument he cites *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973), and *Topps-Toeller, Inc v City of Lansing,* 47 Mich App 720; 209 NW2d 843 (1973). As plaintiff notes, these cases do hold that it is not mandatory, where plaintiff seeks to block summary judgment, that he file counter-affidavits.

However, the trial court in the instant case did

not grant defendants' motion simply on the ground that plaintiff had failed to file opposing affidavits. To the contrary, after considering the entire record, the trial judge found that no material issue of fact had been presented. Plaintiff's failure to submit any proof which would qualify as admissible evidence at trial to contradict the sworn statements made by defendants' agents contributed to the trial court's findings.

Under such circumstances, the granting of summary judgment was not improper.

"We do not mean to imply that the trial judge should dispose of a motion for summary judgment by referring only to the affidavits in support of and in opposition to the motion. The rule specifically directs that the affidavit shall be considered 'together with the pleadings, depositions, admissions and documentary evidence than filed.' But what the court shall consider are the affidavits, the pleadings and other matters referred to in the rule being merely the background in which the affidavits must be considered. *If, as here, the affidavits in support of the motion for summary judgment stand on the record uncontroverted by any opposing affidavits, depositions, or exhibits, then the allegations in the opponent's unsworn pleadings should not deprive the party of his right to summary judgment." Green v Lundquist Agency, Inc,* 2 Mich App 488, 492; 140 NW2d 575 (1966). (Emphasis supplied.)

Accordingly, we find that the trial court properly viewed plaintiff's case in its most favorable light, and found no issue of material fact. Hence, summary judgment was properly granted to defendants pursuant to GCR 1963, 117.3.

Affirmed. Costs to appellees.