BAYS v DEPARTMENT OF STATE POLICE

Docket No. 77-4243. Submitted January 3, 1979, at Lansing.—Decided April 2, 1979.

Several officers and classified employees of the Michigan State Police brought an action in the Court of Claims against the Director of the Department of State Police and the State of Michigan seeking payment of compensation for scheduled off-duty standby time. Only two of the named plaintiffs, Detective Sergeant George Bays and Detective Sergeant James M. Thomas, had attempted to exhaust administrative remedies through the Civil Service grievance procedure before bringing the Court of Claims action. Neither of them proceeded to the stage where he had actually received a hearing. The Court of Claims, Joseph P. Swallow, J., found that the standby time was compensable but made no recommendation as to the rate of compensation. Defendants appeal by leave granted, alleging that the plaintiffs' failure to exhaust administrative remedies precludes judicial review and that even if exhaustion were not necessary the Court of Claims has no jurisdiction over the matter. *Held:*

1. The plaintiffs' failure to exhaust their administrative remedies precludes judicial review, and the Court of Appeals is not persuaded that exhaustion was excused or not necessary in this case.

2. The Court of Claims has no jurisdiction to review administrative action. That court's jurisdiction is limited to original actions against the state. The proper forum for review of an administrative action is in the circuit court.

Judgment vacated; remanded to the Civil Service Commission.

1. ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES — CIVIL SERVICE COMMISSION — GRIEVANCE PROCEDURE.

A plaintiff state civil service employee who filed a complaint in

REFERENCES FOR POINTS IN HEADNOTES

[1] 15A Am Jur 2d, Civil Service § 80.
[2] 15A Am Jur 2d, Civil Service § 8.
[3] 2 Am Jur 2d, Administrative Law § 560.

the Court of Claims for payment of compensation allegedly due him had not exhausted his administrative remedies where he filed the complaint before obtaining a hearing on his grievance from an official of the Civil Service Commission; the failure to exhaust those remedies is not excused where the Court of Appeals is not convinced that he would have been denied a hearing had he set forth the full basis for his grievance or that it would have been futile for him to take his grievance a step higher and request the full commission to order a hearing.

2. COURTS — COURT OF CLAIMS — CIVIL SERVICE COMMISSION.

The Court of Claims has no supervisory power over the Civil Service Commission.

3. ADMINISTRATIVE LAW — REVIEW OF AGENCY ACTIONS — COURTS — ADMINISTRATIVE PROCEDURES ACT — STATUTES.

The Administrative Procedures Act establishes the proper forum for judicial review of administrative decisions, and that is in the circuit court; the Court of Claims has no power of judicial review of administrative action (MCL 24.302, 24.303; MSA 3.560[202], 3.560[203]).

*James F. Finn* and *Jerome P. Cavanagh,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Varda N. Fink,* Assistant Attorney General, for the Department of Civil Service, and *Robert Kane,* Assistant Attorney General, for the Department of State Police.

Amicus Curiae:

*MacLean, Seaman, Laing & Guilford* (by *Kenneth Laing, Jr.,* and *Kathleen Opperwall),* for the Michigan Civil Service Commission.

Before: BEASLEY, P.J., and D. F. WALSH and J. E. MCDONALD,* JJ.

D. F. WALSH, J. Defendants appeal entry by the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Court of Claims of judgment for plaintiffs. The Court of Claims ruled that plaintiffs, officers and classified employees of the Michigan State Police, were entitled to compensation for standby time. Specifically, the Court of Claims judge found that scheduled off-duty standby hours were "work" within the meaning of the rules of the Civil Service Commission. He further ruled, however, that the Court of Claims did not have jurisdiction to require the Civil Service Commission to set any particular rate of compensation.

We address two issues on appeal:

1. Did plaintiffs' failure to exhaust administrative remedies preclude judicial review?

2. If administrative remedies had been exhausted, or if exhaustion was unnecessary or had been excused, did the Court of Claims have jurisdiction over plaintiffs' action?

Only two of the named plaintiffs attempted to exhaust administrative remedies before filing for relief in the Court of Claims. Detective Sergeant James M. Thomas filed a grievance but stopped at step three of the Civil Service Commission's established grievance procedure. Detective Sergeant George Bays proceeded to step four, where he requested a hearing on his grievance. In response to his request, John G. Fitch, employee relations administrator of the Civil Service Commission's state employee relations division, wrote the following letter:

"This letter is in response to your appeal to Step 4. A conference between the parties was called by the Employee Relations Division and held on September 28, 1973.

"Since your appeal concerns a 'stand-by' pay policy it will be necessary for you to provide this office with a

copy of the policy which has been violated before we can process your grievance further.

"If no 'stand-by' pay policy exists, and the intent of your grievance is to have the Hearing Officer provide such a policy, then the matter cannot be handled through the Grievance Procedure. It is not within the jurisdiction of the Hearing Officer to legislate policies, rules or regulations."

Det. Bays did not respond to Mr. Fitch's letter. He did not appeal to the Civil Service Commission itself (step five). Instead, he filed his claim for standby compensation in the Court of Claims. In addition to challenging the jurisdiction of the Court of Claims over plaintiffs' claim, defendants unsuccessfully argued in that forum that plaintiffs had not exhausted the administrative remedies available to them as established by the Civil Service Commission.

It is plaintiffs' position that, based on Mr. Fitch's letter, further pursuit of Civil Service Commission remedies would have been an exercise in futility. *Trojan v Taylor Twp,* 352 Mich 636, 638-639; 91 NW2d 9 (1958). We disagree. In the Court of Claims plaintiffs stated their theory as follows: "Plaintiffs claim that these after duty hours, which said officers are required to serve, on a scheduled basis, are actual hours worked, and are compensable." They then proceeded to discuss various rules of the Civil Service Commission which, they argued, supported their claim. (Theory of Plaintiffs' Case and Brief in Support Thereof, filed in the Court of Claims February 3, 1977.) In rendering a decision for plaintiffs, the Court of Claims judge relied on certain Civil Service Commission rules which, he found, established their right to compensation for standby time.

We are not convinced that, had he set forth the

specific basis for his grievance as later revealed in the Court of Claims *(i.e.,* certain rules of the Civil Service Commission), plaintiff Bays would have been denied a hearing at step four. Nor are we convinced that it would have been futile for him to take his grievance to step five and ask the commission to order a step four hearing. The record does not set forth sufficient evidence of prejudgment on the part of the Civil Service Commission to allow immediate judicial review. *Hardy v State Personnel Director,* 392 Mich 1, 5, fn 1; 219 NW2d 61 (1974). We note also that the Civil Service Commission has filed an amicus curiae brief in this Court and has indicated its desire for development of a full record before the commission. In light of the several significant policies served by the doctrine of exhaustion of administrative remedies, we are not persuaded that exhaustion was excused in this case. *IBM Corp v Dep't of Treasury,* 75 Mich App 604, 610; 255 NW2d 702 (1977), *lv den* 401 Mich 816 (1977).[1]

We also reject plaintiffs' argument that exhaustion was not necessary because their action filed in the Court of Claims was not an appeal from the Civil Service Commission but rather a claim for compensation for past services. The cases cited by plaintiffs in support of their argument did not involve interpretation of civil service rules. *Farrell*

---

[1] The Court of Claims reserved judgment on whether the named plaintiffs could proceed as representatives of a class composed of all officers of the Michigan State Police similarly situated. We do not express an opinion as to this issue. We note, however, that our order of remand to the Civil Service Commission for exhaustion of administrative remedies will be adequately followed if one of the named plaintiffs exhausts those remedies. The reviewing court, if judicial review is sought, can then reach the merits of the class action issue if it is again raised in that forum.

Nor do we express any opinion on the statute of limitations issue raised in the Court of Claims by defendants, since the Court of Claims reserved judgment on that issue.

*v Unemployment Compensation Comm,* 317 Mich 676; 27 NW2d 135 (1947), *Norris v Liquor Control Comm,* 342 Mich 378; 70 NW2d 761 (1955). The instant plaintiffs were in effect asking the Court of Claims to exercise supervisory power over the Civil Service Commission. The Court of Claims has no power to do so. *Farrell v Unemployment Compensation Comm, supra,* at 680.

We hold that exhaustion of administrative remedies was necessary and now turn to the question of which court will be the appropriate forum for review in the event of appeal from a final Civil Service Commission ruling.

Although the Administrative Procedures Act does not apply to the internal procedures of the Michigan Civil Service Commission, *Viculin v Dep't of Civil Service,* 386 Mich 375, 393-394, 396-397, fn 20; 192 NW2d 449 (1971), MCL 24.203(2); MSA 3.560(103)(2), the Supreme Court has adopted GCR 1963, 706.3, which was intended to promote uniformity of the appeal process from administrative agencies, *Viculin v Dep't of Civil Service, supra* at 396, fn 20, and which provides as follows:

"An appeal from a decision of the Michigan Civil Service Commission is governed by the provisions for appeals from administrative agencies in the Administrative Procedures Act." MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*[2]

The Administrative Procedures Act establishes the proper forum for judicial review of administrative decisions in MCL 24.302; MSA 3.560(202):

[2] As originally worded this court rule required that appeals from the Civil Service Commission be filed in the circuit court. The change in language "involve[d] reorganization and style rather than substance". 400 Mich 970-971 (1977).

"Judicial review of a final decision or order in a contested case shall be by any applicable special statutory review proceeding in any court specified by statute and in accordance with the general court rules. In the absence or inadequacy thereof, judicial review shall be by a petition for review in accordance with sections 103 to 105 [MCL 24.303-24.305; MSA 3.560(203)-3.560(205)]."

Under § 103 of the APA, judicial review of administrative decisions is available in circuit court. We agree with Justice LEVIN that the Court of Claims has no jurisdiction to review administrative action:

"The Court of Claims Act [MCL 600.6401 *et seq.;* MSA 27A.6401 *et seq.]* does not establish an 'applicable special statutory *review* proceeding' and therefore judicial review may be obtained in the circuit court. The Court of Claims Act establishes a procedure for commencement and adjudication of *original actions* against the state. The Court of Claims, a statutory court of limited jurisdiction, has no power of judicial *review* of administrative action. Judicial review of administrative action may be obtained only in the circuit court, the Court of Appeals and this Court." *Greenfield Construction Co, Inc v Dep't of State Highways,* 402 Mich 172, 222; 261 NW2d 718 (1978), *reh den* 402 Mich 961 (1978). (Opinion of LEVIN, J.) (Footnotes omitted.)

The Court of Claims has exclusive jurisdiction over "all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its * * * agencies". MCL 600.6419(1)(a); MSA 27A.6419(1)(a). The Court of Claims Act, however, is not to be construed so as to deprive circuit courts of jurisdiction over review of state agency determinations. MCL 600.6419(4); MSA 27A.6419(4).

Since the jurisdiction of the Court of Claims over claims against the state and its agencies is

always exclusive, to hold that judicial review of a state agency's decision can be sought in the Court of Claims would be to require all such appeals to be brought in that forum. This would directly contradict the plain intent of the Legislature that judicial review of state administrative agencies be available in the circuit court.

We hold that, after exhaustion of Civil Service Commission remedies and in the event of appeal from a final Civil Service Commission decision, jurisdiction over this action shall be in the circuit court. The entry of judgment for plaintiffs in the Court of Claims is vacated; this case is remanded to the Civil Service Commission. We do not retain jurisdiction.

No costs, a public question.